UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESA M. HARRIOTT,

                    Plaintiff,

        – against –

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

**OPINION & ORDER**

25-cv-02033 (ER) (RFT)

RAMOS, D.J.:

Lesa M. Harriott commenced this action on March 11, 2025, seeking judicial review of a final determination of the Commissioner of Social Security ("the Commissioner") that she is not eligible for supplemental security income ("SSI") under the Social Security Act. Doc. 1. Harriott applied for SSI on December 3, 2018, alleging disability beginning on June 1, 2015. *Id.* ¶¶ 2–3. Her application was denied initially on June 13, 2019, and on reconsideration on September 9, 2019. Doc. 16 at 76. Therefore, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 17, 2020 before ALJ Angela Banks. *Id.* at 76, 84. On August 25, 2020, the ALJ issued a decision finding that Harriott is not disabled and thus ineligible for SSI. *Id.* at 84. Harriott requested a review of this decision. *Id.* at 91. On January 20, 2022, the Appeals Council vacated the decision and remanded the case to the ALJ. *Id.* at 91–93. Approximately eight months later, on September 12, 2022, the ALJ issued another decision again finding that Harriott is not disabled and denying her SSI application. *Id.* at 33.

According to Harriott, she filed a request for review of the September 12, 2022 decision.[1] Doc. 1 ¶ 25. She also alleges that she visited the local Social Security office on August 16, 2023, after a year passed without a decision on her appeal. *Id.* ¶¶ 25–26.

---

[1] The complaint does not specify when Harriott filed the request.

At the local Social Security office, she was told that the Commissioner had no record of her appeal, but also that it had not rendered a final decision or administratively closed her petition. *Id*. Thus, she prepared a written statement at the office that day stating that she "mailed [her] paperwork to Virginia" as required for her appeal. *Id*. ¶ 26. The statement was treated as her official appeal by the Commissioner. Doc. 16 at 10. On October 19, 2023, the Appeals Council dismissed the appeal Harriott filed on August 16, 2023 as untimely. *Id*. at 10–11. Approximately two months later, on December 6, 2023, Harriott filed an action in federal court, which is separate from the instant action, challenging the dismissal. *Harriott v. Commissioner of Social Security*, No. 23-cv-10658 (SDA) (S.D.N.Y.). On October 9, 2024, Magistrate Judge Stewart D. Aaron partially granted Harriott's motion for judgment on the pleadings and remanded the case to the Commissioner. *Harriott v. Commissioner of Social Security*, 753 F. Supp. 3d 329 (S.D.N.Y. 2024).

On January 15, 2025, the Appeals Council vacated its dismissal of the appeal, acknowledging that "good reason" existed for Harriott's delay. Doc. 16 at 1. But the Appeals Council denied the appeal on the merits, finding no basis to change the ALJ's decision. *Id*. Thereafter, Harriott initiated the instant action on March 11, 2025, challenging the final denial of her application. Doc. 1. She moved for judgment on the pleadings on August 11, 2025. Doc. 17.

Magistrate Judge Robyn F. Tarnofsky issued a report and recommendation (R&R) on May 1, 2026 recommending that Harriott's motion be granted and that the case be remanded for further proceedings. Doc. 25. Specifically, Magistrate Judge Tarnofsky recommended that on remand, the ALJ be directed to: (1) obtain a fresh functional assessment, preferably from a treating provider; (2) reassess Harriott's residual functional capacity and the corresponding availability of suitable jobs existing in sufficient numbers in the national economy, particularly in light of the record evidence about her shortness of breath and other respiratory symptoms; and (3) conduct a sufficiently reasoned

2

analysis of Harriott's credibility. *Id*. at 43–44. The R&R also notified the parties that they had fourteen days to file objections and that failure to do so "will waive those objections for purposes of appeal." *Id.* at 44.

## I.   LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific written objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-cr-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Watson v. Astrue*, No. 08-cv-1523 (DAB) (JCF), 2010 WL 1645060, at *1 (S.D.N.Y. Apr. 22, 2010) (clear error review applies when a party "reiterates the original arguments.") (citation omitted).

## II.   DISCUSSION

Notwithstanding that no objections were filed, the Court has reviewed Magistrate Judge Tarnofsky's thorough and well-reasoned R&R and finds no error, clear or otherwise. Therefore, the Court adopts Magistrate Judge Tarnofsky's recommendations in their entirety. Harriott's motion for judgment on the pleadings is GRANTED, and the

case shall be remanded for further proceedings consistent with the R&R.  In addition, the parties' failure to file written objections precludes appellate review of this decision.  *PSG Poker, LLC v. DeRosa-Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile*, 121 F.3d at 38).

The Clerk of Court is respectfully directed to terminate the motion, Doc. 17, close this case, and enter judgment consistent with this Order.

It is SO ORDERED.

Dated:   May 28, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

4